UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHARITY BROWN
3217 Wheelclock Drive
Racine, Wisconsin 53405

      Plaintiff,

  v.

BON VOYAGE CRUISE & VACATIONS, INC.
116 North Milwaukee Street
Waterford, Wisconsin 53185

    and

KARI L. MULLIKIN
116 North Milwaukee Street
Waterford, Wisconsin 53185

      Defendants

Case No.: 19-cv-399

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

COMES NOW Plaintiff, Charity Brown, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Charity Brown, is an adult female resident of the State of Wisconsin with a post office address of 3217 Wheelclock Drive, Racine, Wisconsin 53405.

5. Defendant, Bon Voyage Cruise & Vacations, Inc. (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 116 North Milwaukee Street, Waterford, Wisconsin 53185.

6. Defendant, Kari L. Mullikin (hereinafter simply "Defendant Mullikin"), was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 116 North Milwaukee Street, Waterford, Wisconsin 53185.

7. Defendant Company is a travel agency.

8. Defendant Mullikin owns, operates, and manages Defendant Company.

9. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Mullikin was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Mullikin supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Mullikin had the ability and authority to (and actually did), hire, terminate, promote, demote, and suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Mullikin had the ability and authority to (and actually did), review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Mullikin established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

19. During Plaintiff's employment with Defendants, Defendant Mullikin controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Mullikin established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Mullikin tracked and recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

23. During Plaintiff's employment with Defendants and in furtherance of her job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate telephone communications and/or e-mail correspondence with Defendants' customers, prospective customers, and third-party vendors.

## **GENERAL ALLEGATIONS**

24. On or about August 30, 2016, Defendant Mullikin hired Plaintiff as a Travel Agent.

25. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Mullikin.

26. On or about March 1, 2019, Defendant Mullikin terminated Plaintiff's employment.

27. During Plaintiff's employment with Defendants, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

28. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-monthly basis.

29. During Plaintiff's employment with Defendants and from approximately August 30, 2016 to November 30, 2017, Defendants compensated Plaintiff on an hourly basis.

30. During Plaintiff's employment with Defendants and from approximately August 30, 2016 to November 30, 2017 and in addition to compensating Plaintiff with her hourly rate of pay, Defendants (at times) compensated Plaintiff with other, agreed-upon monetary payments, such as performance-based monetary commissions and bonuses.

31. During Plaintiff's employment with Defendants and from approximately August 30, 2016 to November 30, 2017, Plaintiff's primary job duty as a Travel Agent was to engage in person, telephone, and/or e-mail communications and correspondence with Defendants' customers, prospective customers, and third-party vendors in an office setting at Defendants' Waterford, Wisconsin and/or Union Grove, Wisconsin locations.

32. During Plaintiff's employment with Defendants and from approximately August 30, 2016 to November 30, 2017, Plaintiff's job duties and responsibilities as a Travel Agent were as follows: Plaintiff interviewed customers and prospective customers via telephone or in-person at Defendants' Waterford, Wisconsin and/or Union Grove, Wisconsin office locations regarding the customers' and prospective customers' travel plans and desires; Plaintiff took the information obtained from the customers' and prospective customers' and performed online searches, made telephone calls, and generally communicated with a select group of third-party vendors chosen by Defendants; Plaintiff took the information obtained from the online searches, telephone calls, and Defendants' third-party vendors and presented it to the customers and prospective customers; the customers and prospective customers approved or rejected the information that Plaintiff presented to them; and, if approved by the customers and prospective customers, Plaintiff commenced the booking process for the customers and prospective customers.

33. During Plaintiff's employment with Defendants and from approximately August 30, 2016 to November 30, 2017, Plaintiff performed her job duties and responsibilities at Defendants' Waterford, Wisconsin and/or Union Grove, Wisconsin locations with Defendants' knowledge, on Defendants' behalf, and/or at Defendants' direction.

34. During Plaintiff's employment with Defendants and from approximately December 1, 2017 to March 1, 2019, Defendants compensated Plaintiff on a salary basis of approximately $35,000 annually.

35. During Plaintiff's employment with Defendants and from approximately December 1, 2017 to March 1, 2019 and in addition to compensating Plaintiff on a salary basis, Defendants (at times) compensated Plaintiff with other monetary payments, such as performance-based monetary commissions and bonuses, identical to that which Defendants (at times) compensated Plaintiff prior to December 1, 2017.

36. Subsequent to approximately December 1, 2017, the job duties and responsibilities of Plaintiff's Travel Agent position did not change or differ in any way as they existed in practice prior to December 1, 2017.

37. During the entirety of Plaintiff's employment with Defendants as a Travel Agent, Plaintiff frequently worked in excess of forty (40) hours per workweek.

38. During the entirety of Plaintiff's employment with Defendants as a Travel Agent and despite frequently working in excess of forty (40) hours per workweek, Defendants did not compensate Plaintiff with overtime pay for any and all hours worked in excess of forty (40) hours in a workweek.

39. During the entirety of Plaintiff's employment with Defendants as a Travel Agent and despite frequently working in excess of forty (40) hours per workweek, Defendants failed to include the additional non-discretionary forms of monetary compensation paid to Plaintiff – including but not limited to Plaintiff's performance-based monetary commissions and bonuses – in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

40. During Plaintiff's employment with Defendants as a Travel Agent, Defendants failed to compensate Plaintiff with agreed-upon and earned commissions payments for work performed.

41. During the entirety of Plaintiff's employment with Defendants as a Travel Agent, Plaintiff performed non-exempt job duties under the FLSA and WWPCL.

42. During the entirety of Plaintiff's employment with Defendants as a Travel Agent, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

43. During the entirety of Plaintiff's employment with Defendants as a Travel Agent, Plaintiff performed the job duties and responsibilities of her Travel Agent position at the direction of Defendant Mullikin, who gave Plaintiff specific instructions as to how to perform her job duties and/or to perform her job duties within the prescribed procedures and/or limits established by Defendant Mullikin.

44. On a daily basis during Plaintiff's employment with Defendants as a Travel Agent, Plaintiff performed her job duties in an office setting.

45. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not customarily and regularly direct the work of at least two of Defendants' employees.

46. During Plaintiff's employment with Defendants as a Travel Agent, no employees of Defendants reported directly to Plaintiff.

47. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendants' employees or to establish the terms and conditions of employment of Defendants' employees.

48. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

49. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff's primary job duties did not directly relate to Defendants' management or general business operations.

50. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not, in the performance of her job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

51. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not, in the performance of her job duties, have authority to make an independent choice, free from immediate direction or supervision from Defendant Mullikin, or to waive or deviate from Defendants' established policies and/or procedures without Defendants' prior approval.

52. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

53. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff's job duties did not require her to perform specialized or technical work and did not require her to have special training, experience, and/or knowledge.

54. During Plaintiff's employment with Defendants as a Travel Agent, Plaintiff did not spend the majority of her time each workweek making sales directly to Defendants' customers outside of Defendants' Waterford, Wisconsin and/or Union Grove, Wisconsin office locations.

55. During Plaintiff's employment with Defendants as a Travel Agent, Defendants did not establish a "representative period," as that phrase is used in the FLSA and WWPCL, relating to Plaintiff's commissioned-based payments prior to Plaintiff's performance of the work.

56. During Plaintiff's employment with Defendants as a Travel Agent, Defendants did not compensate Plaintiff with commission-based payments that exceeded at least half of her total earnings in a representative period.

57. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

59. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

60. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

61. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY OWED)

62. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

64. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

65. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

66. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek, including but not limited to failing to include all non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

67. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

68. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

69. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

70. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSES OF ACTION – WWPCL VIOLATIONS**
**(OVERTIME PAY OWED AND FAILURE TO PAY AGREED UPON COMMISSIONS)**

71. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

72. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

73. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

74. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

75. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

76. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

77. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to based upon the correct and proper regular rate of pay, in accordance with the WWPCL.

78. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate her with agreed-upon commission payments for all hours worked and work performed during her employment with Defendants.

79. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

80. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

81. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 19th day of March, 2019

                                            WALCHESKE & LUZI, LLC
                                            Counsel for Plaintiff

                                            **s/ *Scott S. Luzi***
                                            James A. Walcheske, State Bar No. 1065635
                                            Scott S. Luzi, State Bar No. 1067405
                                            Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com